ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| MARCOS CRUZ NEGRÓN<br><br>Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrida | KLRA202500142 | *Revisión Judicial* procedente de la Junta de Libertad bajo Palabra<br><br>Caso Núm.: 148090<br><br>Sobre: No Jurisdicción (Ley 85-2024) |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Campos Pérez y el Juez Sánchez Báez[1]

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de mayo de 2025.

Comparece la parte recurrente, el señor Marcos Cruz Negrón (señor Cruz Negrón o recurrente), quien solicita nuestra intervención para dejar sin efecto la *Resolución* de la Junta de Libertad Bajo Palabra (JLBP), emitida el 11 de diciembre de 2024 y notificada el 8 de enero de 2025.[2] Mediante el referido dictamen la JLBP determinó que carecía de jurisdicción para atender la petición del recurrente debido a una cláusula de exclusión contenida en la Ley Núm. 85-2024, *infra.*

Por los fundamentos que expondremos a continuación, confirmamos la determinación administrativa.

**I.**

El señor Cruz Negrón fue sentenciado el 5 de marzo de 1998 por los delitos de violación, sodomía, actos lascivos, secuestro, agresión agravada, restricción de libertad agravada y amenazas,

---

[1] De conformidad con la Orden administrativa número OAT-2025-053 emitida el 21 de abril de 2025, se modificó la integración del Panel para entender y votar en el caso debido a la inhibición del Juez Marrero Guerrero.
[2] Apéndice del Recurrente, págs. 8-11.

Número Identificador

SEN2025_____

todos tipificados en el Código Penal de 1974, Ley Núm. 115 de 22 de julio de 1974,[3] para un total de 110 años de encarcelamiento.[4]

En el proceso de extinguir su sentencia, el Departamento de Corrección y Rehabilitación (DCR) preparó una *Hoja de Control Sobre Liquidación de Sentencia* el 2 de junio de 2012.[5] En ésta, el DCR informó que la JLBP adquiriría jurisdicción sobre el caso del señor Cruz Negrón el 3 de febrero de 2029.

Tras varios años, el 11 de agosto de 2023, el DCR refirió el caso del recurrente a la consideración de la JLBP.[6] El 7 de noviembre de 2024, el DCR preparó una nueva *Hoja de Control Sobre Liquidación de Sentencia* donde informó que la JLBP adquiriría jurisdicción sobre el caso del señor Cruz Negrón el **26 de diciembre de 2054**.[7]

Luego de varios incidentes procesales, la JLBP emitió una *Resolución* el 14 de noviembre de 2024, archivada en autos el 11 de diciembre de 2024 y notificada el 8 de enero de 2025. En ésta, la JLBP se declaró sin jurisdicción para atender el presente caso debido a que la Ley Núm. 85-2024 contiene una cláusula de exclusión que prohíbe a las personas convictas de violación y actos lascivos beneficiarse de los cálculos provechosos introducidos en la Ley Núm. 85-2022.

Inconforme, el 24 de enero de 2025, el señor Cruz Negrón presentó una *Moción de Reconsideración*.[8] La JLBP no atendió dicha solicitud. Así las cosas, recurre ante este foro apelativo intermedio y nos señala la comisión del siguiente error:

> **ABUSÓ DE SU DISCRECIÓN LA JLBP AL DECLARARSE SIN JURISDICCIÓN EN EL PRESENTE CASO AL APLICAR RETROACTIVAMENTE LA LEY 85-2024, VIOLENTÁNDOSE ASÍ EL PRINCIPIO CONSTITUCIONAL QUE PROHÍBE LEYES EX POST**

---

[3] Arts. 99, 103, 105, 137, 95, 131 y 153, respectivamente.
[4] Apéndice del Recurrente, págs. 23-39.
[5] Apéndice del Recurrente, pág. 22.
[6] Apéndice del Recurrente, págs. 8-10.
[7] Apéndice del Recurrente, pág. 21.
[8] Apéndice del Recurrente, págs. 1-7.

**FACTO. ADEMÁS LA ACTUACIÓN DE LA AGENCIA CONSTITUYE UNA VIOLACIÓN AL DERECHO CONSTITUCIONAL DEL RECURRENTE A UN DEBIDO PROCESO DE LEY.**

Oportunamente, la JLBP compareció mediante escrito en oposición. Contando con la comparecencia de todas las partes, procedemos a resolver la controversia ante nuestra consideración.

## II.

### A.

Es sabido que, al revisar las determinaciones administrativas finales, los tribunales apelativos estamos compelidos a conceder deferencia, por la experiencia y conocimiento pericial que se presume tienen los organismos ejecutivos y municipales para atender y resolver los asuntos que le han sido delegados. *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garage Isla Verde, LLC*, 202 DPR 117, 126 (2019); *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018); *Torres Rivera v. Policía de PR*, 196 DPR 606, 626 (2016). Al respecto, el Tribunal Supremo de Puerto Rico ha reiterado que las determinaciones de los organismos administrativos "poseen una presunción de legalidad y corrección que los tribunales debemos respetar mientras la parte que las impugna no presente la evidencia suficiente para derrotarlas". (Énfasis nuestro). *Rolón Martínez v. Supte. Policía, supra*; *Torres Rivera v. Policía de PR, supra*; *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 215 (2012); *Torres Santiago v. Depto. Justicia*, 181 DPR 969, 1002-1003 (2011). Por ende, nuestra intervención sólo se justifica cuando el ente administrativo haya obrado de forma arbitraria, ilegal o irrazonable. En esas circunstancias, entonces, cederá la deferencia que ostenta en las aplicaciones e interpretaciones de las leyes y los reglamentos que administra. *JP, Plaza Santa Isabel v. Cordero Badillo*, 177 DPR 177, 187 (2009). En torno a esto, en *Torres Rivera v. Policía de PR, supra,* el Tribunal

Supremo expuso las normas básicas sobre el alcance de la revisión judicial:

> [L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero tal deferencia cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. **Es importante destacar que, si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos procede que se valide la interpretación que realizó la agencia administrativa recurrida**. (Énfasis nuestro). *Torres Rivera v. Policía de PR, supra*, pág. 628.

Así, pues, es norma asentada que el norte al ejercer nuestra facultad revisora es el criterio de razonabilidad. *Super Asphalt v. AFI y otro, supra*, pág. 821; *Graciani Rodríguez v. Garage Isla Verde, LLC, supra*, pág. 127; *Torres Rivera v. Policía de PR, supra*, pág. 626; *Empresas Loyola v. Com. Ciudadanos*, 186 DPR 1033, 1042-1043 (2012). Por lo tanto, intervendremos únicamente cuando el organismo recurrido haya actuado de una manera tan irrazonable que su actuación constituya un abuso de discreción. *Super Asphalt v. AFI y otro, supra*, pág. 821; *Graciani Rodríguez v. Garage Isla Verde, LLC, supra*, pág. 127; *Rolón Martínez v. Supte. Policía, supra*.

**B.**

La Ley Núm. 118 de 22 de julio de 1974, 4 LPRA sec. 1501 *et seq*. (Ley Núm. 118), creó la Junta de Libertad Bajo Palabra. El ente administrativo está facultado para conceder el privilegio de cumplir la última parte de una condena en libertad bajo palabra a cualquier persona recluida en una institución correccional de Puerto Rico. *Benítez Nieves v. ELA et al.*, 202 DPR 818, 825 (2019). Al ejecutar la potestad delegada, **la Junta está autorizada a imponer las condiciones que estime necesarias para la concesión del beneficio privilegiado**. Art. 3 de la Ley Núm. 118, 4 LPRA sec. 1503.

Claro está, dichas condiciones restrictivas se suman a las restricciones que, de ordinario, el ciudadano común está obligado a observar en nuestra jurisdicción. *Benítez Nieves v. ELA et al.*, *supra*, que cita a *Morrissey v. Brewer*, 408 US 471, 478 (1972). Ello responde a que **el beneficio de la libertad bajo palabra es considerado un privilegio, no un derecho reclamable**. A esos fines, la libertad bajo palabra sólo se otorgará cuando sirva al mejor interés de la sociedad y propicie la rehabilitación moral y económica del liberado, según la sana discreción de la Junta y los tribunales. *Quiles v. Del Valle*, 167 DPR 458, 475 (2006), que cita a *Pueblo v. Negrón Caldero*, 157 DPR 413 (2002); *Pueblo v. Zayas Rodríguez*, 147 DPR 530, 536 (1999).

Cónsono con lo anterior, la Asamblea Legislativa promulgó la Ley Núm. 85-2022 con el fin de expandir la jurisdicción de la JLBP y así, de manera justa, retributiva y rehabilitadora, permitirle a una cantidad mayor de convictos solicitar el beneficio de libertad bajo palabra. Véase, *Exposición de Motivos*. El estatuto cumplió con su fin al presentar dos enmiendas, una al Artículo 308 del Código Penal, 33 LPRA sec. 5416, que establece los términos para cualificar para la consideración de la JLBP, y otra al Artículo 3 de la Ley de la Junta de Libertad Bajo Palabra, Ley Núm. 118 de 22 de julio de 1974, 4 LPRA sec. 1503, el cual establece la autoridad, poderes y deberes de la JLBP. Asimismo, la Ley Núm. 85-2022 contiene una tercera sección la cual dispone que su aplicación será "*de manera retroactiva, independientemente del Código Penal o Ley Penal Especial vigente al momento de los hechos delictivos, siempre y cuando resulte favorable para la persona condenada*".

Pese a ello, dos años después se aprobó la Ley Núm. 85-2024 con el propósito de limitar el alcance de la aludida pieza legislativa. La Ley Núm. 85-2024 contiene tres disposiciones generales, la primera sección enmienda al Artículo 308 del Código Penal, *supra*,

con el fin de excluir ciertos convictos de beneficiarse de los cálculos que introdujo la Ley Núm. 85-2022. El texto incorporado aclara que

> Las personas convictas por los delitos de agresión sexual en todas sus modalidades, agresión sexual conyugal, **actos lascivos**, **violación**, **sodomía**, incesto, **secuestro**, secuestro agravado y pornografía infantil, incluyendo sus tentativas, no podrán beneficiarse del privilegio de libertad bajo palabra, indistintamente de la fecha de la comisión del acto delictivo ni el código penal o la ley especial utilizada para dictar sentencia, **incluyendo los Códigos Penales de 1974**, 2004 y 2012. (Énfasis nuestro).

La segunda sección incorpora el mismo lenguaje, pero esta vez al Artículo 3 de la Ley de la Junta de Libertad Bajo Palabra, Ley Núm. 118 de 22 de julio de 1974, *supra*. Por su parte, la tercera sección del estatuto incorpora **una cláusula de exclusión de jurisdicción** con un lenguaje similar a las dos secciones antes mencionadas. A saber:

> **La Junta no tendrá jurisdicción para atender los casos de las personas convictas por los delitos de agresión sexual en todas sus modalidades**, agresión sexual conyugal, **violación**, **actos lascivos**, **sodomía**, incesto, **secuestro**, secuestro agravado y pornografía infantil, incluyendo sus tentativas, no podrán beneficiarse del privilegio de libertad bajo palabra, indistintamente de la fecha de la comisión del acto delictivo ni el código penal o la ley especial utilizada para dictar sentencia, incluyendo los Códigos Penales de 1974, 2004 y 2012. (Énfasis nuestro).

Continúa la sección precisando que "[l]a Ley 85-2022 no aplicará retroactivamente a las personas convictas por estas actuaciones delictivas, conforme a la clara intención de la Decimonovena Asamblea Legislativa de no extender este privilegio a los ofensores de la ley descritos en el párrafo anterior". *Id.*

El texto precitado anterior modifica la tercera sección de la Ley Núm. 85-2022 que instituía una aplicación retroactiva de los cálculos. Para abundar sobre dicho pronunciamiento, el estatuto detalla que:

> **La Ley 85-2022 no surtirá efecto en el cálculo de la sentencia de las personas convictas por los delitos de agresión sexual en todas sus modalidades**, agresión sexual conyugal, **violación, actos lascivos,**

**sodomía**, incesto, **secuestro**, secuestro agravado y pornografía infantil, indistintamente de la fecha de la comisión del acto delictivo ni el código penal o la ley especial utilizada para dictar sentencia, incluyendo los Códigos Penales de 1974, 2004 y 2012. (Énfasis nuestro). *Id.*

La sección concluye y atiende un asunto procesal relacionado a las solicitudes presentadas previo a la aprobación del estatuto. Sobre dicho particular, dilucida que "[l]as personas que al momento de la aprobación de esta Ley estén referidas bajo la consideración de la Junta de Libertad Bajo Palabra sin que haya una determinación final, no cualificarán para este privilegio, indistintamente de la etapa procesal en que se encuentre la referida solicitud". *Id.* Finalmente, la cuarta sección dispone que el estatuto "**aplicará de manera retroactiva**, independientemente del Código Penal o Ley Especial vigente al momento de los hechos delictivos". (Énfasis nuestro).

### C.

La Constitución de Puerto Rico dispone que "[n]o se aprobarán leyes *ex post facto* ni proyectos para condenar sin celebración de juicio". Art. II, Sec. 12, LPRA, Tomo 1. Es harto conocido que en el ámbito penal una ley *ex post facto* se refiere a la aplicación retroactiva que agrava al acusado en su relación con el delito, la oportunidad de defenderse, la forma de cumplir una sentencia o su extensión. E.L. Chiesa, *Derecho procesal penal de Puerto Rico y Estados Unidos*, Colombia, Ed. Fórum, 1992, Vol. II, págs. 545-549. La protección contra leyes *ex post facto* se activa cuando al aplicar retroactivamente una ley —que le es desfavorable al acusado o convicto— en comparación con la ley vigente al momento en que se cometió el delito. *González Fuentes v. ELA*, 167 DPR 400, 408 (2006).

Existen cuatro (4) categorías de estatutos que —de aplicarse retroactivamente— violarían la prohibición de leyes *ex post facto*, a saber: (1) leyes que criminalizan y castigan un acto que al ser realizado no era delito; (2) leyes que agravan un delito o lo hacen

mayor de lo que era al momento de ser cometido; (3) leyes que alteran el castigo imponiendo una pena mayor que la fijada para el delito al momento de ser cometido; y (4) leyes que alteran las reglas de evidencia exigiendo menos prueba que la requerida por ley al momento de la comisión del delito para castigar al acusado o reduciendo el *quantum* de evidencia necesario para encontrarlo culpable. *Pueblo v. Ferrer Maldonado*, 201 DPR 974, 990 (2019); *González Fuentes v. E.L.A., supra*, pág. 408.

Esta protección se activa cuando la aplicación retroactiva de un nuevo estatuto resulta más onerosa que la vigente al momento de los hechos delictivos. Dicha onerosidad se puede manifestar en la extensión de términos de reclusión a ser cumplidos por el sujeto, cónsono con la protección contra la imposición retroactiva de una pena mayor. *González v. E.L.A., supra,* págs. 408-410 que cita a *Weaver v. Graham,* 450 US 24 (1981).

**III.**

El señor Cruz Negrón acude ante nos y alega que la enmienda efectuada por la Ley Núm. 85-2024, *supra*, incide en la prohibición contra las leyes *ex post facto*, ya que la eliminación retroactiva del beneficio de libertad bajo palabra constituye una manera onerosa de extinguir su sentencia. Arguye el recurrente que el precitado estatuto sólo puede aplicarse de manera prospectiva, ya que el DCR realizó la *Hoja de Control Sobre Liquidación de Sentencia* durante la vigencia de la Ley Núm. 85-2022, *supra*. Alega, además, que la actuación de la JLBP constituye una violación al mandato constitucional de debido proceso de ley. No le asiste la razón.

Al interpretar el estado de Derecho pertinente, en especial atención a la Ley Núm. 85-2024, somos del criterio que ésta no violenta la protección contra leyes *ex post facto.* Esto es, el referido estatuto no le elimina al recurrente la posibilidad de ser considerado al privilegio de libertad bajo palabra, sino que, por la naturaleza de

los delitos por los cuales resultó convicto, lo excluye de poder beneficiarse de los cálculos provistos al palio de la Ley Núm. 85-2022. Al presente, la controversia es prematura, ya que no es hasta el 2029 que la JLBP podría ejercer jurisdicción, conforme con la Hoja de Control Sobre Liquidación de Sentencias que obra en autos.[9]

Este foro apelativo intermedio ha reconocido la voluntad legislativa de excluir a las personas convictas de delitos de naturaleza sexual de los cálculos de la Ley Núm. 85-2022. Inclusive, otros paneles hermanos han atendido controversias similares y han arribado a idénticas conclusiones.[10] Por tanto, resolvemos que la Ley Núm. 85-2024 tuvo como fin modificar el alcance de la tercera sección de la Ley Núm. 85-2022 que expresamente reconocía la aplicación retroactiva de los nuevos cálculos.

Según se desprende de la exposición de motivos y de una lectura integrada de la medida, la intención del legislador fue excluir a las personas convictas por delitos contra la indemnidad sexual de poder beneficiarse de los cálculos de la Ley Núm. 85-2022.[11] Recordemos que el señor Cruz Negrón fue sentenciado, entre otros, por los delitos de actos lascivos, violación, sodomía, secuestro. Todos estos delitos antes mencionados forman parte de la cláusula de exclusión contenida en la tercera sección de la Ley Núm. 85-2024.

Ante este cuadro, determinamos que actuó correctamente la JLBP al declararse sin jurisdicción para atender el caso, pues como concluimos, la Ley Núm. 85-2024 no es aplicable al recurrente. Ello no obstante, y debido a que el estado de derecho vigente al momento de los hechos delictivos lo contemplaba, el señor Cruz Negrón puede,

---

[9] Véase, Apéndice del Recurrente, pág. 22

[10] A modo de ejemplo, véase "Sentencia" identificada con el alfanumérico KLRA202400616.

[11] Según la ley, los delitos son: delitos de agresión sexual, en todas sus modalidades, agresión sexual conyugal, violación, actos lascivos, sodomía, incesto, secuestro, secuestro agravado y pornografía infantil, incluyendo sus tentativas.

en su momento, ser considerado al beneficio de libertad bajo palabra.[12]

## IV.

Por los fundamentos antes expuestos, se confirma la *Resolución* emitida por la Junta de Libertad Bajo Palabra.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[12] Véase, Apéndice del Recurrente, pág. 21.